UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BORNALLAH WRIGHT,

                           Plaintiff,

                                                          Case # 15-CV-6443-FPG

v.

                                                          DECISION AND ORDER

ANTHONY J. ANNUCCI et al.,

                           Defendants.

## INTRODUCTION

Bornallah Wright ("Plaintiff") is a prisoner at Gowanda Correctional Facility in Gowanda, New York.  He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Corrections Officers Matthew A. Mann and Dominick A. Costanza ("Defendants") arising out of an alleged assault that occurred at Wende Correctional Facility on August 2, 2007. ECF No. 1.  Defendants have moved to dismiss based on the expiration of the applicable statute of limitations.  ECF No. 11.  Because the Complaint demonstrates that this action is untimely, Defendants' Motion to Dismiss is granted and this action is dismissed with prejudice.

## DISCUSSION

To succeed on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the defendant must show that the complaint contains insufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  A complaint is plausible when the plaintiff pleads sufficient facts that allow the Court to draw reasonable inferences that the defendant is liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level," and the stated grounds for relief must consist of more than "labels and conclusions." *Twombly*, 550 U.S. at 555.  Although the statute of limitations is an affirmative defense on which

1

the defendant bears the burden of proof, courts may dismiss a case on statute of limitations grounds under Rule 12(b)(6) if the complaint, on its face, "clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999).

"The statute of limitations for actions under § 1983 is the statute of limitations applicable to personal injuries occurring in the state in which the appropriate federal court sits." *Dory v. Ryan*, 999 F.2d 679, 681 (2d Cir. 1993). When that state has multiple limitations periods for different personal injury claims, federal courts should apply the "general or residual" limitations period. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). The residual limitations period in New York State is three years. N.Y. C.P.L.R. § 214(5); *see also Pearl*, 296 F.3d at 80. Federal law governs the accrual date for claims under § 1983, and accrual occurs "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl*, 296 F.3d at 80 (citation omitted).

In his Complaint, Plaintiff alleges that Defendants assaulted him, retaliated against him, and subjected him to cruel and unusual punishment on August 2, 2007. ECF No. 1, at 5. Accordingly, the statute of limitations began to run on August 2, 2007, and it expired three years later on August 2, 2010. Plaintiff did not file his Complaint, however, until July 27, 2015, nearly five years after the limitations period elapsed.

In his response in opposition to Defendants' Motion to Dismiss, Plaintiff contends that his Article 78 proceeding in New York State court, which was finalized on August 2, 2012, tolled the statute of limitations. ECF No. 15. The Second Circuit has held, however, that "a plaintiff's pursuit of a state remedy, such as an Article 78 proceeding, does not toll the statute of limitations for filing a claim pursuant to section 1983." *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007). This is because "exhaustion of state administrative remedies [is] not . . . required as a

prerequisite to bringing an action pursuant to § 1983." *Patsy v. Bd. of Regents*, 457 U.S. 496, 516 (1982). Moreover, a plaintiff's "mistaken belief that [he or she] w[as] required to exhaust [his or her] state administrative remedies prior to commencing a Section 1983 action is not a basis for equitable tolling of the applicable limitations period." *DeMartino v. New York*, No. 12-CV-3319 (SJF)(AKT), 2013 WL 3226789, at *16 (E.D.N.Y. June 24, 2013), *aff'd*, 586 F. App'x 68 (2d Cir. 2014). Thus, this argument is unavailing and does not justify tolling the statute of limitations period. To the extent that Plaintiff's other arguments—*e.g.*, that he had recently been denied parole for the third time and was overwhelmed—can be interpreted as a further request for equitable tolling, this Court also finds these reasons to be without merit and insufficient to support tolling the statute of limitations for nearly five years.

## CONCLUSION

Because the statute of limitations expired before Plaintiff commenced this action, Defendants' Motion to Dismiss (ECF No. 11) is GRANTED, and this case is DISMISSED WITH PREJUDICE. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of Court is directed to terminate this action.

IT IS SO ORDERED.

Dated: June 3, 2016
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

3